## T. P. HAMRE v. CITY OF THIEF RIVER FALLS AND OTHERS. GEORGE C. STREETER, INTERVENER-APPELLANT.[1]

September 8, 1921.

No. 22,601.

**Resolution of city council—approval by mayor.**

1. A resolution to pave, passed by the city council on March 19, 1920, was approved by the mayor on March 23, 1920. The law forbids the mayor to sign the same within four days after its presentation to him, but provides that, if not returned within ten days after presentation, it shall take effect without being approved. It is *held* the approval was nugatory, and the resolution cannot be considered as returned, either as approved or vetoed, and went into effect as for failure of the mayor to act.

**Evidence — offer rightly refused.**

2. The offer to prove that the paving was undertaken when prices were the highest was rightly excluded.

**Remedy against wrong plan of assessment.**

3. If the plan proposed to be adopted in assessing the cost of the pavement is wrong, the law gives a remedy in the assessment proceeding.

**Condition of city treasury immaterial.**

4. The condition of the city treasury is not a material question in this action.

**No error.**

5. No reversible error is found in the record.

Action in the district court for Pennington county to enjoin the performance of a certain paving contract. The facts are stated in the opinion. The matter was heard by Grindeland, J., who made findings that all proceedings leading up to the execution of the contract for the paving were in accordance with law, denied the application of the intervener for a temporary injunction and dismissed the action both on the

[1]Reported in 184 N. W. 225.

part of the plaintiff and the intervener on the merits. From the judgment entered pursuant to the order for judgment, intervener appealed. Affirmed.

*E. M. Stanton,* for appellant.

*H. O. Crommie,* for respondent city and officials.

*Shaw, Safford, Ray & Shaw,* for respondent Bitulithic & Contracting, Limited.

*Theodore Quale,* attorney for plaintiff, filed a brief as amicus curiae.

HOLT, J.

Suit by plaintiff, a taxpayer of Thief River Falls, a city organized under chapter 8, p. 16, Laws 1895, and amendatory acts, to enjoin the performance of a paving contract made by the city with the Bitulithic and Contracting, Limited, a corporation. The city and its officers, the corporation named, and also another corporation which undertook to sell city certificates to finance the improvement, are defendants. The corporation last referred to has no longer any interest in the litigation and the matters relating to it need not be noticed.

Before coming to a consideration of the questions presented upon this appeal, it is necessary to refer to some of the steps taken in court as to this paving proposition. The present appeal is by an intervener, who came into the case as soon as the summons was served. Plaintiff's complaint is lengthy and alleges various grounds for challenging the proceedings leading up to the paving contract. The intervener is like plaintiff a taxpayer, owning lots abutting the streets to be paved, and his complaint in intervention contains the very same allegations contained in plaintiff's complaint, with the addition of certain facts which the court found true in respect to other actions previously brought by other taxpayers and property owners, represented by the attorney who represents the present plaintiff. The latter facts are in short these:

Immediately after the resolution to pave was adopted by the city and the bid of the Bitulithic corporation accepted, M. V. Evenson and other taxpayers and abutting owners brought suit in behalf of themselves and others similarly situated to enjoin the paving. The complaint stated in substance the same grounds as in this action. When the plaintiffs

therein applied for a temporary injunction, a demurrer to their complaint was heard also. June 8, 1920, the court denied the application and sustained the demurrer. An appeal to this court was perfected, but was by stipulation dismissed "with prejudice." In February, 1921, the same attorney in behalf of Oen Mercantile Company began a suit against defendants substantially in the same form as in the Evenson and the present cases. It was set for trial June 30, 1921, but when reached the plaintiff, against defendants' objection, dismissed the suit, and on the same day started the present action. As soon as the intervener herein served the complaint of intervention, he obtained an order to show cause why a temporary injunction should not issue. When this came up for hearing the court was requested by intervener and defendants to hear the cause on the merits. This was done over the objections and protests of plaintiff. The court concluded that there had been an effort to delay an adjudication, heard the evidence and made findings, in substance, holding valid all steps taken in ordering the pavement and executing the contract for the improvement.

The intervener appealed from the judgment entered on the findings and joined with defendants in a request for a speedy hearing. Plaintiff has taken a separate appeal. He was given the opportunity to submit his appeal with intervener's, or to file a brief amicus curiae. He chose the latter. We remark here that no assignments of error not available to the intervener can be urged by plaintiff as amicus curiae, such as the ones that the court could not hear the cause on its merits on the motion for a temporary injunction, for intervener requested that be done, or that there was error in dismissing plaintiff's complaint on the merits, for that does not affect intervener. It is patent that there has been an effort to prevent the contemplated pavement by protracted litigation. It is also clear that intervener came in to block such effort. We need say no more about the tactics pursued or intervener's standing in court, except that the intervention is unquestionably proper. Intervener occupies the same relation as plaintiff to the proposed paving, and stands to lose or gain by a determination of the issues tendered by plaintiff's complaint.

The main point relied on by intervener for a reversal is that the

mayor acted prematurely when he approved the resolution ordering the pavement laid. If this resolution is invalid no subsequent action of the city council or mayor could give authority to proceed with the paving. The resolution was passed by the city council on March 19, 1920, and the approval was dated March 23. The following sections of chapter 8, pp. 34, 35, Laws 1895, are pertinent:

"Every ordinance, order and resolution shall, before it takes effect, be presented to the mayor for approval. If he approves he shall sign the same, but if he disapprove it, he shall return it to the city council with his objections thereto." Section 59.

"No ordinance, order or resolution shall be signed by the mayor within four (4) days after the same is presented to him, and if the same shall not be returned by him on the tenth (10) day (Sunday excepted) after it shall have been presented to him, it shall have the same force and effect as if approved by him." Section 61.

"The city clerk shall indorse upon each such ordinance, order and resolution the time when the same was delivered to the mayor, and the time when it was returned to his office by the mayor." Section 62.

The approval of the mayor was premature. If section 61 be mandatory, the approval was nugatory and of no more effect than if some other person had undertaken to sign an approval thereon. There was then not a return of the resolution either duly approved or vetoed within ten days after its presentation, and it thereupon became effective under the last clause of the section. That the resolution was presented to the mayor, is indicated by his signature thereon, even though it has not the legal effect of an approval. The failure, if such there be, of the city clerk to comply with section 62 could not invalidate the resolution. After the resolution was presented to the mayor, he could prevent or hinder its taking effect only in one way, by returning it vetoed within ten days. That alone would have given rise to further action by the council. The law should not be so construed that, by a premature approval of an ordinance or resolution and returning it within the ten days from its presentation, a mayor could effectively tie the hands of the city council on the proposition, for such a premature approval cannot be held a veto.

The court rightly excluded proof offered that the improvement was undertaken when prices therefor were the highest. There was no averment nor offer of proof that the city council members were actuated by improper motives or exercised their judgment arbitrarily.

That the official charged with the duty of assessing the cost to the abutting property intends to adopt some method that appellant considers illegal, cannot be a ground for injunctive relief now. The law provides for a hearing when the time arrives for making the assessment, chapter 65, p. 62, Laws 1919. There is an adequate remedy at law, and the objection here made is premature.

That the financial condition of the city is not a material issue in this action, seems to follow from the decision in Pike v. City of Marshall, 146 Minn. 413, 178 N. W. 1006, for the abutting property owners and not the city will ultimately pay nearly the whole of the cost. That decision also determines adversely to appellant other grounds alleged in the pleading for relief.

It is intimated that the direction or order to the city clerk, found in the minutes of the council meeting of February 24, 1920, to publish the notice to property owners that the meeting of March 19, 1920, would be held to consider and determine whether this paving should be done, invalidated all subsequent proceedings because such direction or order was not approved by the mayor. This so-called order does not come within the meaning of the words "ordinance, order or resolution," in the sections above cited. It is a mere direction to an agent or officer of the city to do a ministerial or administrative act. Fairchild v. City of St. Paul, 46 Minn. 540, 49 N. W. 325.

Judgment affirmed.