## JEWELL A. HURSH AND ANOTHER v. VILLAGE OF LONG LAKE.
## CHARLES KURETH, INTERVENOR.

75 N. W. (2d) 602.

March 20, 1956—No. 36,930.

*Marlon O. Haugen,* for appellant.

*Charles S. Bellows* and *Best, Flanagan, Lewis, Simonet & Bellows,* for respondent-defendant.

KNUTSON, JUSTICE.

This is an appeal from an order of the District Court of Hennepin County granting defendant's motion for summary judgment. The motion was made under Rule 56 of Rules of Civil Procedure on the grounds that there is no material issue of fact and that defendant is entitled to judgment on the pleadings as a matter of law.

Defendant is a municipal corporation organized under the laws of this state. Plaintiffs are taxpayers and residents of defendant village and bring this action in their capacity as such. The complaint alleges that on April 19, 1955, the council of said village adopted a resolution with the object in mind of holding a meeting for the purpose of determining whether they should proceed with a proposed sewer improvement; that notice of the hearing was published in the newspaper as required by law; and that the hearing was held on May 10, 1955, at which there was a large attendance of taxpayers. It then alleges that on January 30, 1956, the council adopted a resolution approving plans for said sewage disposal plant and providing that the council should meet on February 29, 1956, at the village hall for the purpose of receiving, opening, and considering sealed bids for the construction of said improvement and taking such action thereon as may be deemed most expedient. It alleges that the council has failed to comply with the provision of our statute wherein it is required that, before a contract is let for the construction of an improvement, a resolution ordering the improvement shall be adopted.

Prior to the hearing on defendant's motion for summary judgment, intervenor served his notice of motion for leave to intervene, supported by his affidavit setting forth that he also is a taxpayer in defendant village subject to an assessment for the proposed improvement; that he does not have confidence in the representation he will receive from counsel for plaintiffs; and asking that he be permitted to intervene in the action. His motion was granted. His complaint in intervention alleges substantially the same facts as are contained in plaintiffs' complaint. Apparently intervenor proceeds much in the same manner as was done in Hamre v. City of

Thief River Falls, 150 Minn. 40, 184 N. W. 225, for the obvious purpose of having the merits of the controversy disposed of expeditiously.

The prayer for relief of plaintiffs is as follows:

"Wherefore plaintiffs demand judgment declaring that any contract for the aforesaid improvement, which may be authorized by said Council or entered into by said Village of Long Lake will be and is void and of no effect."

Intervenor's prayer is to the same effect.

While it is difficult to determine from the complaints of plaintiffs and intervenor and the prayers for relief just what sort of action this is intended to be, it is apparent that it raises only a question as to the sufficiency of the resolution as an order for construction of the improvement. While the prayers for relief ask that a contract, not yet entered into, be declared void, it seems clear to us that what is intended is injunctive relief to restrain defendant from entering into the contract or from proceeding with the proposed improvement. We shall so treat it.

The court granted defendant's motion for summary judgment. Intervenor promptly appealed. Treated as an order refusing an injunction, the appeal lies under M. S. A. 605.09 (2), and, there being a public interest involved, the case could be advanced for trial on the merits in accordance with § 605.09. In accordance therewith we issued our order to show cause why said appeal should not be advanced for immediate hearing on the merits. Service has been duly made thereof on plaintiffs and intervenor. Intervenor appeared by counsel and consented to an immediate hearing. Plaintiffs have not seen fit to appear, by brief or otherwise, and have interposed no objection to an immediate hearing on the merits. We have accordingly granted defendant's request for an immediate hearing on the merits.

The controlling statute is § 429.031, subd. 1, which reads:

"Before a contract is let or work ordered by day labor for an improvement, the council shall hold a public hearing on the proposed improvement following two publications in the newspaper of a

notice stating the time and place of the hearing, the general nature of the improvement, the estimated cost, the area proposed to be assessed, and that the council proposes to proceed under the authority granted by this chapter. The two publications shall be a week apart and at least three days shall elapse between the last publication and the hearing. At any time prior to the adoption of the resolution providing for the hearing, the council shall secure from the city or village engineer or some competent person of its selection a report advising it in a preliminary way as to whether the proposed improvement is feasible and as to whether it should best be made as proposed or in connection with some other improvement and the estimated cost of the improvement as recommended. The council may also take such other steps prior to the hearing, including, among other things, the preparation of plans and specifications and the advertisement for bids thereon, as will in its judgment provide helpful information in determining the desirability and feasibility of the improvement. The hearing may be adjourned from time to time and *a resolution ordering the improvement may be adopted at any time within six months after the date of the hearing* by vote of a majority of all members of the council when the improvement has been petitioned for by the owners of not less than 35 percent in frontage of the real property abutting on each street named in the petition as the location of the improvement. When there has been no such petition, the resolution may be adopted only by vote of four-fifths of all members of the council. The resolution ordering the improvement may reduce, but not increase, the extent of the improvement as stated in the notice of hearing." (Italics supplied.)

At a regular meeting of the village council held on May 24, 1955, with all members present, the following resolution was unanimously adopted:

"RESOLUTION ORDERING CONSTRUCTION OF SEWER IMPROVEMENT No. 1

"BE IT RESOLVED by the Village Council of the Village of Long Lake, Minnesota, as follows:

"1. At a hearing held on May 10, 1955, at 8:00 o'clock P. M., at the Village Hall in the Village of Long Lake, Minnesota, after notice

of said hearing duly published as required by law, this Council has heretofore considered the views of all persons interested, and *does hereby determine* to proceed with the construction of a sewer system for the Village, including a disposal plant, lift station and outlet, as stated in said published notice.

"2. The area to be assessed to pay the cost of said improvement shall be as stated in said notice.

"3. Said improvement is hereby designated as, and shall henceforth be referred to by the name of 'Sewer Improvement No. 1.'" (Italics supplied.)

Plaintiffs' complaint alleges and admits that all steps required under the statute preliminary to the adoption of this resolution were taken. While the resolution probably is not a model of legal draftsmanship, the title clearly shows that it was a resolution ordering construction of the sewer improvement. The body of the instrument also clearly establishes that a decision had been made by the village council to proceed with the project. We think that it is a substantial and adequate compliance with the statute. That being true, the court correctly held that there was no material issue alleged in the complaint on which plaintiffs or intervenor could be granted any relief, and hence summary judgment was properly granted. The decision of the trial court should be and is affirmed.

Affirmed.